UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

COLEY D.,[1]

                                         Plaintiff,        Case # 20-cv-6541-FPG

v.                                                                      DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                         Defendant.
_____

## INTRODUCTION

On, February 2, 2017, Plaintiff Coley D. protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act") and Supplemental Security Income under Title XVI of the Act. Tr.[2] 15. The Social Security Administration (the "SSA") denied his claim and Plaintiff appeared at a hearing before Administrative Law Judge Susan Smith on October 18, 2018. Tr. 14, 15. At the hearing, Plaintiff and vocational expert testified. On March 14, 2019, the ALJ issued an unfavorable decision. Tr. 12. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 13, 14. For the reasons that follow, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and the ALJ's decision is AFFIRMED.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 11.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

**I.     District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

**II.    Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

**DISCUSSION**

**I.     The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 13, 2017, the alleged onset date. Tr. 18. At step two, the ALJ found that Plaintiff has the following severe impairments: chronic kidney disease, arthritis, gout, obesity, and diabetes. *Id*.

At step three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the Listings impairments. Tr. 19. The ALJ determined that Plaintiff maintained the RFC to perform light work. Tr. 20. However, the ALJ found that Plaintiff had exertional limitations including that Plaintiff: can occasionally climb stairs/ramps; can balance, stoop, kneel, crouch, and crawl; cannot climb ladders, ropes, or scaffolds; cannot be exposed to hazards like dangerous moving machinery, uneven terrain, or unprotected heights. *Id*.

At steps four and five, the ALJ concluded that Plaintiff could perform his past relevant work and that there were jobs that existed in the economy that Plaintiff could perform. Tr. 22, 23. As such, the ALJ found that Plaintiff was not disabled.

**II.    Analysis**

Plaintiff's challenges on appeal can be organized into four central issues, which the Court addresses in turn.

   **a. Dr. Jain's April 2018 Opinion**

It is undisputed that, as of the time of the October 2018 hearing, Plaintiff had been working during the preceding months, though there was a factual dispute over the extent to which he could do so consistently. Tr. 35. At the hearing, Plaintiff testified that his impairments cause problems

with his knees and interfere with his ability to bend, walk, and lift.  Tr. 34-35.  He also testified that his treating physician, Dr. Jaswant Jain, wanted him to work only two days per week, Tr. 35-36, though Plaintiff was still "trying" to work a full five-day, forty-hour workweek.  Tr. 36.  The record does indicate that, on April 2, 2018, Dr. Jain completed a note recommending that Plaintiff stay out of work for three days due to a "gout attack" and that he should not lift more than thirty pounds.  Tr. 415.  The ALJ gave this April 2018 opinion "some weight" and noted that Dr. Jain's work restrictions were "clearly temporary in nature."  Tr. 22.

Plaintiff argues that the ALJ erroneously evaluated Dr. Jain's April 2018 opinion.  He asserts that his condition did not improve after April 2018, so the ALJ should not have viewed Dr. Jain's work restriction as temporary.  *See* ECF No. 13-1 at 12-13.

The ALJ reasonably found Dr. Jain's work restriction temporary.  Dr. Jain only recommended that Plaintiff take off three days of work due to a gout flare-up, Tr. 415, and the ALJ noted that his subsequent examination of Plaintiff—conducted three months later—revealed normal findings.  Tr. 21, 456, 461.  Plaintiff "ambulated with a normal gait, he had normal motor strength, and normal deep tendon reflexes."  Tr. 21.  Thus, notwithstanding Plaintiff's testimony at the hearing, the ALJ could reasonably conclude that Plaintiff's April 2018 flare-up was a temporary condition that did not bear on his RFC.  *See Faust v. Comm'r of Soc. Sec.*, No. 18-CV-313S, 2019 WL 4785532, at *7 (W.D.N.Y. Oct. 1, 2019) ("An ALJ is not obligated to incorporate temporary limitations in the RFC determination."); *see also Moody v. Comm'r of Soc. Sec.*, No. 3:14-cv-01759-MA, 2015 WL 6948578, at *5 (D. Or. Nov. 10, 2015).

### b. Dr. Pradhan's Opinion

The ALJ gave the opinion of R. Pradhan, M.D., great weight because his opinion was consistent with the overall record, including the imaging and "physical exams that revealed a

normal gait". Tr. 21-22. Plaintiff contends that Dr. Pradhan should not have been given great weight because Pradhan is a medical advisor who did not personally examine Plaintiff. ECF No. 13-1 at 13.

The regulations provide, "[B]ecause nonexamining sources have no examining or treating relationship with [plaintiff], the weight we will give their medical opinions will depend on the degree to which they provide supporting explanations for their medical opinions." 20 C.F.R. 404.1527(c)(3). Contrary to Plaintiff's argument, "the opinion of a non-examining medical expert . . . may be considered substantial evidence if [it is]consistent with the record as a whole." *Ortiz v. Comm'r of Soc. Sec.*, 309 F. Supp. 3d 189, 205 (S.D.N.Y. 2018). Indeed, the Second Circuit has permitted the opinions of nonexamining sources to override the opinions of treating sources, provided that nonexamining opinions are supported by evidence in the record. *Diaz v. Shalala*, 59 F.3d 307, 313 n.5 (2d Cir. 1995); *see also Danette Z. v. Comm'r of Soc. Sec.*, No. 19-CV-1273, 2020 WL 6700310, at *6 (N.D.N.Y. Nov. 13, 2020) (collecting cases for the proposition that "the opinion of a non-examining source may be credited over that of an examining physician under the proper circumstances").

While Dr. Pradhan was not an examining source, the ALJ found that his opinion was consistent with the overall record, and she specifically noted its consistency with Plaintiff's physical examinations and imaging. Tr. 22. On its face, this was a permissible reason to credit Dr. Pradhan's opinion, *see Ortiz*, 309 F. Supp. 3d at 205, and Plaintiff develops no argument as to why such reasoning was either incorrect or impermissible. Absent more developed argument, Plaintiff has given the Court no grounds to find the ALJ's weighing of this opinion erroneous. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a

5

possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

### c. Dr. Figueroa's Opinion

Plaintiff claims that, because the ALJ did not explicitly weigh the opinion of consultative examiner Rita Figueroa, M.D., the case must be remanded. ECF No. 13-1 at 13-14. This Court disagrees.

Dr. Figueroa provided an opinion dated March 29, 2017. Tr. 335-38. After examining Plaintiff, Dr. Figueroa opined that Plaintiff had "no physical limitations" but that he "will have difficulty with activities of moderate exertion." Tr. 338. The ALJ clearly reviewed the opinion, as she references Dr. Figueroa's clinical findings in her decision, but she did not give any explicit weight to the exertion limitation Dr. Figueroa identified. Tr. 21-22.

While the ALJ may have failed to explicitly weigh Dr. Figueroa's opinion, in order to seek remand on that basis, Plaintiff would have to show that this error was harmful. *See Michael C. v. Comm'r of Soc. Sec.*, No. 18-CV-1115, 2019 WL 7293683, at *3 (N.D.N.Y. Dec. 30, 2019) ("[A]n ALJ's errors in weighing the evidence or applying the law may be considered harmless where proper consideration of the evidence or law would not have changed the outcome."). He has not done so. Dr. Figueroa opined that Plaintiff had "no physical limitations" and would only have difficulty with "activities of moderate exertion." Tr. 338. Plaintiff does not claim that, let alone explain how, consideration of Dr. Figueroa's opinion could lead to a stricter RFC or otherwise change the outcome. *See* ECF No. 13-1 at 13-14. It is not the Court's responsibility to undertake that analysis on Plaintiff's behalf. *See Zannino*, 895 F.2d at 17. Accordingly, this argument does not merit remand.

### d. Plaintiff's Subjective Complaints

Finally, and more generally, Plaintiff contends that the ALJ did not provide a sufficient rationale for rejecting his subjective complaints. The Court is not persuaded, as it can sufficiently "glean the rationale of [the] ALJ's decision." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983). The ALJ permissibly cited and relied on the consistently normal examination findings, the medical opinions, and the fact that Plaintiff was working to reject his allegations. *See* Tr. 20-22; *see also* 20 C.F.R. § 404.1529(c)(1), (c)(2), (c)(3)(i). And while Plaintiff marshals various evidence to support his claimed restrictions, ECF No. 13-1 at 10; ECF No. 15 at 2, he fails to articulate why the ALJ's rationale was unreasonable. *Youngs v. Comm'r of Soc. Sec.*, No. 18-CV-119, 2019 WL 3083045, at *3 (W.D.N.Y. July 15, 2019) ("[T]he Court is not concerned with whether substantial evidence supports [the claimant's] position; rather, the Court must decide whether substantial evidence supports the ALJ's decision."). Therefore, this argument does not warrant remand.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 13, is DENIED, the Commissioner's motion for judgment on the pleadings, ECF No. 14, is GRANTED, and the complaint is DISMISSED WITH PREJUDICE. The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 17, 2021
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court